IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID MCARTHUR, JEAN MCARTHUR, <br><br>*Plaintiffs,* <br><br>vs. <br><br>SAFECO INSURANCE COMPANY OF INDIANA, <br><br>*Defendant.* | § § § § § § § § § § § § § §    SA-21-CV-00211-OLG |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant Safeco Insurance Company of Indiana's Motion for Summary Judgment Regarding Extra-Contractual Claims, Extra-Contractual Damages, Treble Damages, and Exemplary Damages [#34]. The District Court referred the motion to the undersigned for a recommendation pursuant to Western District of Texas Local Rule CV-72 and Appendix C on October 18, 2022. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In resolving the motion, the undersigned has also considered Plaintiffs' response [#44] and Defendant's reply [#46]. For the reasons set forth below, it is recommended that Defendant's motion be **granted**.

**I. Background**

This is a first-party insurance dispute arising out of alleged damage to residential property as a result of a wind and hail storm. Plaintiffs David McArthur and Jean McArthur are the owners of an insurance policy ("the Policy") issued by Defendant Safeco Insurance Company

1

of Indiana ("Safeco"). The Policy insures their residence located at 11 Auburn Place, San Antonio, Texas, 78209 ("the Property").

Plaintiffs filed this suit in state court, alleging that the Property suffered water damage as a result of the storm, and Safeco failed to pay the full proceeds due under the Policy. Plaintiffs' Original Petition, which remains the live pleading, asserts causes of action for breach of the insurance contract, violations of Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"), and breach of the duty of good faith and fair dealing. (Orig. Pet. [#1-2].) Plaintiffs seek actual and consequential damages, as well as treble damages under the DTPA and exemplary damages. Safeco removed this case to federal court, and this Court has jurisdiction over the removed action on the basis of diversity jurisdiction. 28 U.S.C. § 1332.

Safeco has filed a partial motion for summary judgment on Plaintiff's extracontractual claims and claims for extracontractual, treble, and exemplary damages. Safeco argues that, at most, this case consists of a bona fide dispute between Plaintiffs' public adjuster and Safeco's adjusters as to the cause and scope of damages, and, therefore, Plaintiffs' extracontractual claims must be dismissed. Plaintiffs respond that coverage is not disputed and that there is sufficient evidence to raise a genuine dispute of material fact for trial on whether Safeco and its representatives conducted an unreasonable investigation of Plaintiffs' claim to intentionally result in underpayment. The motion is ripe for the Court's review.

## II.  Summary Judgment Standard

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(c). A dispute is genuine only if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323. Once the movant carries its burden, the burden shifts to the nonmoving party to establish the existence of a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wise v. E.I. Dupont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995). The non-movant must respond to the motion by setting forth particular facts indicating that there is a genuine issue for trial. *Miss. River Basin Alliance v. Westphal*, 230 F.3d 170, 174 (5th Cir. 2000). The parties may satisfy their respective burdens by tendering depositions, affidavits, and other competent evidence. *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). The Court will view the summary judgment evidence in the light most favorable to the non-movant. *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). "After the non-movant has been given the opportunity to raise a genuine factual issue, if no reasonable juror could find for the non-movant, summary judgment will be granted." *Westphal*, 230 F.3d at 174.

### III.  Summary Judgment Record

The summary judgment record establishes that on May 28, 2020, Plaintiffs contacted Safeco to report damage to the roof tiles of their 36-year-old concrete roof and two interior rooms as a result of a hailstorm occurring on May 27, 2020. (O'Malley Decl. [#34-1], at ¶ 5; Sedgwick Inspection [#34-1], at 101.) The following day, a Safeco employee, Shawn

McConnell, contacted Plaintiffs to discuss their claim. (O'Malley Decl. [#34-1], at ¶ 6; Claim Notes [#34-1], at 95.) Safeco then sent Bradley Leire of Sedgwick to complete an onsite inspection of the exterior of the Property on June 6, 2020; Mr. O'Connell testified in his deposition that COVID-19 restrictions prevented him from traveling to conduct the inspection himself. (O'Malley Decl. [#34-1], at ¶ 7; Claim Notes [#34-1], at 94–95; Sedgwick Inspection [#34-1], at 100–23; O'Connell Dep. [#44-1], at 29:25–30:13.) The notes from the inspection confirm findings of hail damage to roof concrete tiles on all four slopes (a total of 48 tiles), gutters, downspouts on the Property's front and right elevations, and overhead garage doors on the back elevation, as well as interior damage to two rooms. (O'Malley Decl. [#34-1], at ¶ 7; Claim Notes [#34-1], at 94–95; Sedgwick Inspection [#34-1], at 101.) Due to the COVID-19 pandemic, interior inspections were completed virtually. (O'Malley Decl. [#34-1], at ¶ 8.)

On June 8, 2020, Mr. McConnell completed an estimate based on the information from Sedgwick and provided by Plaintiffs as to the interior. (*Id.* at ¶ 8.) Mr. McConnell contacted Plaintiffs to advise them of the findings and informed them that Safeco had discovered signs of deteriorating non-storm-related conditions on the unaffected roof concrete tiles and long-term water damage to the affected wall's wood doorway frame. (*Id.*) A letter including the estimate and findings was sent to Plaintiffs, informing them that a portion of their claim was covered related to damages to the roof, elevations, and interior water damage and that the coverage amount, less the deductible, was $1,205.70. (*Id.*; Claim Notes [#34-1], at 94; McConnell Letter [#34-1], at 125–27.) The letter also informed Plaintiffs about property losses not covered under the Policy, including (a) wear and tear, marring, scratching, and deterioration; (b) inherent defect, mechanical breakdown; . . . (e) settling, cracking, shrinking, bulging, or expansion of

4

pavements, patios, foundations, walls, floors, roofs, ceilings, swimming pools, hot tubs, spas, or chimneys. (O'Malley Decl. [#34-1], at ¶ 8; McConnell Letter [#34-1], at 125–27.)

On June 24, 2020, Safeco received correspondence from Plaintiffs' public adjuster, Logan Rodgers, notifying Safeco that he had been retained to represent Plaintiffs to dispute the settlement of the claim. (O'Malley Decl. [#34-1], at ¶ 9.) On July 17, 2020, Mr. Rodgers and Safeco employee Andre Ware completed a reinspection of the dwelling roof and exterior. (*Id.* at ¶ 10; Claim Notes [#34-1], at 92.) Mr. Ware agreed with the prior roof damage assessment by Sedgwick. (O'Malley Decl. [#34-1], at ¶ 10.) However, Safeco prepared a supplemental estimate based on a revised length of the gutters and issued a minor supplemental payment in the amount of $64.78 to Plaintiffs. (*Id.*; Claim Notes [#34-1], at 92; Ltr. [#34-1], at 165–66.)

Mr. Rodgers provided an estimate to Safeco on August 17, 2020, regarding his belief that Safeco failed to account for all interior damage, gutter replacement, damaged downspouts, and all hail-damaged tiles in its revised estimate. (Rodgers Aff. [#44-3], at 2–3.) Plaintiffs ultimately paid to replace their roof with a shingle roofing system because they could not afford a tile roof replacement, then filed this suit on January 26, 2021. (McArthur Aff. [#44-4], at 2–3.)

Safeco retained a causation and damages expert, Alan W. Berryhill, who conducted an additional inspection on August 13, 2021, after the roof had already been replaced. (Berryhill Report [#34-2], at 4–7.) Mr. Berryhill concluded, after reviewing the previous inspections, photographs, and reports, as well as storm reports for May 26 and 27, 2020, that the estimate by Mr. Rodgers was excessive and included unnecessary replacement of undamaged finishes, concrete tile, and metal roofs, and included unnecessary interior repairs. (*Id.* at 6–7.) Mr. Berryhill also concluded that the roof was repairable and did not need to be replaced. (*Id.*)

Importantly, Mr. Berryhill also did not agree with Mr. McIntyre's assessment that the damage to the Property could be affirmatively attributed to the May 27, 2020 storm event.  (*Id.* at 6.)

## IV.  Analysis

The Court should grant Safeco's motion for partial summary judgment.  Plaintiffs have failed to raise a genuine dispute of material fact as to any deceptive, unreasonable, or bad faith conduct on the part of Safeco during its investigation and settlement of Plaintiffs' claim that could give rise to its liability in tort or under common law, the DTPA, or Chapter 541 of the Texas Insurance Code.  Rather, the evidence demonstrates that the parties have a bona fide dispute as to the scope of coverage under the Policy and that this dispute should be resolved through Plaintiffs' breach of contract claim.  Because Plaintiffs' extracontractual claims fail as a matter of law, Plaintiffs are also not entitled to the extracontractual, treble, and exemplary damages pleaded in their Original Petition.

**A.      Extracontractual Claims**

Safeco's motion for summary judgment concerns Plaintiffs' extracontractual claims under Chapter 541 of the Texas Insurance Code, the DTPA, and for breach of the common-law duty of good faith and fair dealing.[1]  "Under Texas law, extracontractual tort claims pursuant to the Texas Insurance Code and the DTPA require the same predicate for recovery as bad faith causes of action."  *Watson v. State Farm Lloyds*, 56 F. Supp. 2d 734, 736 (N.D. Tex. 1999) (internal quotation omitted) (citing *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997)).

---

[1] Plaintiffs also plead claims under Chapter 542 of the Texas Insurance Code, the Texas Prompt Payment of Claims Act ("TPPA").  Safeco's motion does not reference these claims but is styled as if it addresses all of Plaintiffs' extracontractual claims.  As Safeco has not moved for summary judgment on Plaintiffs' claims under Chapter 542, the Court should not grant summary judgment on Plaintiffs' claims under the TPPA.

The Texas Insurance Code creates a private right of action for damages that a "person who sustains actual damages may bring . . . against another person" for damages caused when the person engages in conduct prohibited in Chapter 541 of the Insurance Code while "in the business of insurance." Tex. Ins. Code. § 541.151(1). A cause of action for an unfair or deceptive insurance practice under Chapter 541 requires proof that the defendant engaged in an act or practice defined as an "unfair method of competition" or "unfair or deceptive act or practice" by Subchapter B of Chapter 541. *See Allstate Ins. Co. v. Watson*, 876 S.W.2d 145, 147–50 (Tex. 1994); *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 193 (Tex. 1998). Plaintiffs allege that Safeco violated Chapter 541 of the Texas Insurance Code by misrepresenting material facts relating to the coverage at issue; failing to effectuate a prompt, fair, and equitable settlement; and failing to conduct a reasonable investigation into their claim. (Orig. Pet. [#1-2], at 9–10, 13–14.)

The Texas Insurance Code also permits an insured to bring a cause of action through its tie-in provision, Tex. Ins. Code § 541.151(2), for deceptive acts or practices enumerated in Section 17.46(b) of the DTPA. Tex. Bus. & Comm. Code § 17.46(b). A DTPA plaintiff must prove, among other things, that the defendant engaged in false, misleading, or deceptive acts. *Doe v. Boys Clubs of Greater Dallas*, 907 S.W.2d 472, 478 (Tex. 1995); *see also* Tex. Bus. & Comm. Code § 17.50(a)(1). Plaintiffs contend that Safeco violated the DTPA by unreasonably delaying the investigation and resolution of their claim; failing to pay for the proper repair of their home once liability had become reasonably clear; and misrepresenting the terms of the Policy. (Orig. Pet. [#1-2], at 10–13.)

Finally, insurers also have a common-law duty of good faith and fair dealing with their insureds. *Aranda v. Ins. Co. of N. Am.*, 748 S.W.2d 210, 215 (Tex. 1988), *overruled on other*

7

*grounds by Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430 (Tex. 2012). To prevail on a claim based on breach of this duty, a plaintiff must prove that an insurer had no reasonable basis for denying or delaying payment of a claim and the insurer knew or should have known that fact. *Id.*; *see also Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50–52 (Tex. 1997). Plaintiffs allege that Safeco breached its duty of good faith and fair dealing by failing to adequately and reasonably investigate Plaintiffs' claim and delaying payment of Plaintiffs' claim. (Orig. Pet. [#1-2], at 14–15.)

In essence, Plaintiffs base their extracontractual claims on assertions that Safeco conducted an unreasonable investigation, improperly settled their claim, and misrepresented Policy terms.[2] Safeco claims the evidence does not raise a fact issue as to the reasonableness of its conduct regarding its investigation and settlement of Plaintiffs' claim or as to any misrepresentation regarding the Policy. Safeco argues the settlement of Plaintiffs' claim was reasonably based on the report of Mr. Leire/Sedgwick and the investigations completed by Mr. McConnell and Mr. Ware. According to Safeco, there is no evidence to suggest these individuals conducted an unreasonable investigation; that the investigation was calculated to underpay Plaintiffs' claim; that Safeco failed to provide a reasonable explanation of its findings; or that Safeco intentionally or knowingly deceived Plaintiffs. The undersigned agrees.

Plaintiffs have failed to produce evidence upon which a reasonable jury could find in Plaintiffs' favor as to their claims under Chapter 541, the DTPA, and the common law. The Court should therefore grant Safeco's motion for summary judgment on these extracontractual claims.

---

[2] As previously noted, Plaintiffs also sue under Chapter 542 (the TPPA), alleging Safeco violated Chapter 542 by failing to acknowledge receipt of Plaintiffs' claim, to commence a timely investigation of their claim, and to request all items required to process their claim. Again, Safeco has not moved for summary judgment on Plaintiff's Chapter 542 claims.

8

### i. There is no material issue of fact as to the reasonableness of Safeco's investigation of Plaintiffs' claim.

An insurer is obligated to adequately investigate a claim before denying it. *Giles*, 950 S.W.2d at 56 n.5. "The scope of the appropriate investigation will vary with the claim's nature and value and the complexity of the factual issues involved." *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 44–45 (Tex. 1998). "An insurer does not act in bad faith where a reasonable investigation reveals the claim is questionable." *United Services Auto. Ass'n v. Croft*, 175 S.W.3d 457, 471 (Tex. App.—Dallas 2005, no pet.). Importantly, an insurer's reliance on an expert's report will not support a finding of bad faith unless "there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *State Farm Lloyds v. Nicolau*, 951 S.W.2d 444, 448 (Tex. 1997).

In contrast, an insurer fails to reasonably investigate a claim if the investigation is conducted as a pretext for denying the claim. *See, e.g.*, *Simmons*, 963 S.W.2d at 45 (finding an "outcome-oriented" investigation unreasonable); *Nicolau*, 951 S.W2d at 448 (finding that where there is evidence that an expert's report was not objectively prepared, summary judgement is not appropriate). If an insurer fails to conduct a reasonable investigation, it cannot assert that a bona fide coverage dispute exists. *Simmons*, 963 S.W.2d at 44.

Plaintiffs argue that it was unreasonable for Mr. McConnell, the Safeco employee preparing the claim estimate, to not personally conduct the investigation of the Property and instead rely on a cursory and incomplete investigation by Mr. Leire of Sedgwick, a field adjuster. Plaintiffs fault Safeco with failing to follow up with Mr. Leire to ask for more detailed information regarding the damage to the Property and for directing Mr. Leire not to prepare his own estimate as part of the inspection. In support of these assertions, Plaintiffs direct the Court to Mr. Leire's deposition testimony, in which he testified that the scope of his work was "to take

photos and put a small report together" of what he saw and then send it to Mr. McConnell, the desk adjuster, to make coverage decisions. (Leire Dep. [#44-2], at 17:13–23.) Safeco did not have Mr. Leire prepare an estimate or opine on the scope of damages. (*Id.* at 22:15–23:5.) Mr. Leire further testified that there was a tarp that Plaintiffs had installed covering part of the roof, but that he was not unauthorized to unfasten the tarp to inspect the tiles underneath it. (*Id.* at 44:12–18.) Plaintiffs also cite deposition testimony by Mr. McConnell in which he explained that he never called Mr. Leire to ask for more detailed information regarding the Property damage and based his repair estimate on the photographs and written report alone. (McConnell Dep. [#44-1], at 37:4–10, 75:1–7.)

There is no evidence, however, that Mr. Leire's report or Mr. McConnell's estimate were not objectively prepared or were prepared in an outcome-oriented manner. Nor do Plaintiffs provide the Court with any legal authority to support their contention that Safeco's decision to employ Sedgwick to conduct the initial investigation was unreasonable. Mr. McConnell testified that it was Mr. Leire's job to conduct "the inspection, garner photographs, determine what's damaged by the claim-related hail." (McConnell Dep. [#44-1], at 38:16–24.) Whereas, it was Mr. McConnell's job to "decipher his findings and generate" a "fair and reasonable" estimate. (*Id.*) According to Mr. Leire, although only a small fraction of the claims that he investigates are handled in this manner, "[i]t's just . . . the way certain companies decide to run their business." (Leire Dep. [#44-2], at 22:15–23:5.) Mr. Leire testified that there are a "few others" besides Safeco that conduct their business this way. (*Id.* at 24:4–13.)

Plaintiffs' argument as to the unreasonableness of Safeco's procedures in investigating their claim is undermined by the fact that Safeco did have its own adjuster, Mr. Ware, conduct a reinspection of the Property alongside Plaintiffs' public adjuster, Mr. Rodgers, several weeks

10

after Mr. Leire. (O'Malley Decl. [#34-1], at ¶ 10; Claim Notes [#34-1], at 92.) Mr. Ware agreed with the prior assessment by Sedgwick. (O'Malley Decl. [#34-1], at ¶ 10.) Plaintiffs have not provided the Court with any evidence to suggest Mr. Ware acted unreasonably in conducting this investigation. Furthermore, Safeco's expert, Mr. Berryhill, also found that Mr. Ware's estimate appeared sufficient to repair all storm damage to Plaintiffs' property. (Berryhill Report [#34-2], at 6–7.) Again, Safeco's reliance on these reports will not support a finding of bad faith unless "there is evidence that the report was not objectively prepared or the insurer's reliance on the report was unreasonable." *Nicolau*, 951 S.W.2d at 448. Plaintiffs have not presented the Court with any such evidence.

Plaintiffs therefore cannot prevail on any extracontractual claim based upon an unreasonable investigation of Plaintiffs' Property, as they have not provided the Court with sufficient evidence that Safeco acted unreasonably in its inspection.

  **ii.**  **There is no material issue of fact as to the reasonableness of Safeco's settlement of Plaintiffs' claim.**

"Under Texas law, there is a duty on the part of the insurer to deal fairly and in good faith with an insured in the processing of claims." *Higginbotham*, 103 F.3d at 459 (citation omitted). To prove that an insurer acted in bad faith in violation of Texas common law, an insured must show that the insurer failed to settle the claim even though it "knew or should have known that it was reasonably clear that the claim was covered." *Giles*, 950 S.W.2d at 49. The "reasonably clear" standard found in the Insurance Code and common law bad faith claims is the same. *Id.* at 55. "[T]he issue of bad faith does not focus on whether the claim was valid, but on the reasonableness of the insurer's conduct in rejecting the claim." *Lyons v. Miller Cas. Ins. Co.*, 866 S.W.2d 597, 601 (Tex. 1993). Texas courts have repeatedly held that "evidence showing

only a bona fide coverage dispute does not, standing alone, demonstrate bad faith." *Nicolau*, 951 S.W.2d at 448.

Plaintiffs contend that Safeco acted in bad faith by failing to promptly and fully settle their claim once liability had become reasonably clear.  To prevail on their bad faith claim, Plaintiffs "must establish the absence of a reasonable basis for denying or delaying payment of the claim and that [Safeco] knew, or should have known, that there was no reasonable basis for denying or delaying payment of the claim." *Higginbotham*, 103 F.3d at 459.  As the undersigned has already detailed, Safeco based its estimate on the initial inspection by Mr. Leire and the reinspection by Mr. Ware, both of which found that only some of the identified damage was related to the May 2020 hail storm, as opposed to non-storm-related conditions, and that this wear and tear was not covered under the Policy.  (O'Malley Decl. [#34-1], at ¶¶ 8–10.)

Plaintiffs contest these findings and dispute the ultimate coverage decision.  Plaintiffs contend that the Policy's express terms should afford them a new roof.  Safeco contends that the roof repair it afforded is reasonable and appropriate.  This constitutes a bona fide dispute regarding the extent of coverage, but it does not give rise to a fact issue on the question of whether Safeco acted in bad faith in settling Plaintiffs' claim.   Plaintiffs therefore cannot prevail on any extracontractual claim based upon an unreasonable settlement of Plaintiffs' claim.

### iii.    There is no material issue of fact as to any misrepresentation by Safeco.

Nor have Plaintiffs raised a fact issue as to a pre- or post-loss misrepresentation by Safeco.  Plaintiffs allege in their Petition that Safeco "misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence." (Orig. Pet. [#1-2], at 7.)  And in their response to Safeco's motion for summary judgment, Plaintiffs argue that Safeco misrepresented the terms of the Policy to

Plaintiffs by representing that it "allowed for coverage and payment as to all hail damage to Plaintiffs' property" when it did not. (Resp. [#44], at 11–12.)

Insofar as Plaintiffs are attempting to assert a misrepresentation made during the sale or renewal of the Policy, no such allegations appear in their Petition. Nor have they provided any evidence of specific representations by Safeco or its employees as to the scope of coverage aside from the undisputed evidence as to the findings and estimates resulting from Mr. Leire's and Mr. Ware's inspections. As to any post-loss misrepresentation regarding the scope of coverage, Plaintiffs similarly do not provide any evidence that any representative of Safeco made any affirmative representations regarding the Policy's application as to hail damage. Plaintiffs simply allege that they believe they should have been afforded more coverage under the Policy due to the scope and extent of the hail damage. This is a coverage dispute, not a separate violation under the DTPA.

The Policy clearly states that Safeco covers "accidental direct physical loss to property . . . cause by a peril listed below [including hail] . . . unless excluded or limited . . ." under the Policy. (Policy [#34-1], at 25.) Safeco's estimate asserts that some of the alleged hail damage to Plaintiffs' roof was attributable to non-storm-related causes categorically excluded under the Policy. This is not a misrepresentation of the terms of the Policy, but rather a restatement of the parties' bona fide coverage dispute. *See Riddick v. Quail Harbor Condo. Ass'n, Inc.*, 7 S.W.3d 663, 670 (Tex. App.—Houston [14th Dist.] 1999, no pet.) ("A mere breach of contract allegation, without more, is not a false, misleading or deceptive act in violation of the DTPA.") (internal quotation and citation omitted). This dispute should be resolved through Plaintiffs' breach of contract claim.

In summary, because Plaintiffs have failed to raise a fact issue on an essential element of their extracontractual claims under Chapter 541, the DTPA, and common law, Safeco is entitled to summary judgment on these claims. The Court therefore need not consider Safeco's alternative argument in support of summary judgment on these claims that Plaintiffs have not provided any evidence of damages proximately caused by Safeco's alleged bad faith or deceptive conduct, another required element of these claims.

**B.  Damages**

Safeco's motion also asks the Court to grant summary judgment on Plaintiffs' claim for extracontractual, treble, and exemplary damages. The Court should also grant Safeco summary judgment on these damages claims. Because Plaintiffs cannot prove violations of Chapter 541 or the DTPA or a breach of the duty of good faith and fair dealing, it necessarily follows that they are not entitled to any extracontractual damages flowing from these claims. Similarly, the claim for treble damages relates only to Plaintiffs' claims under the DTPA and Chapter 541 of the Texas Insurance Code. *See* Tex. Ins. Code § 541.152(b) (providing for treble damages where trier of fact finds that defendant knowingly committed statutory violation); Tex. Bus. & Comm. Code § 17.50(b)(1) (same). Therefore, Plaintiffs' claim for treble damages also fails along with these extracontractual claims.

As for exemplary damages, Plaintiffs have failed to provide the Court with any evidence to support such an award. Plaintiffs can recover exemplary damages for their common law claim only if they prove by clear and convincing evidence that their damages resulted from fraud, malice, or gross negligence. Tex. Civ. Prac. & Rem. Code § 41.003(a). This evidence cannot be satisfied by a showing of ordinary negligence, bad faith, or a deceptive trade practice. *Id.* at § 41.003(b). Plaintiffs generally assert that Safeco has an institutional practice of underpaying

claims but have not pointed the Court to any evidence of fraud, malice, or gross negligence. Plaintiffs' claim for exemplary damages also fails as a matter of law.

The undersigned notes that, because Safeco has not moved for summary judgment on Plaintiffs' claim under Chapter 542 of the Texas Insurance Code (the TPPA), this report and recommendation does not recommend dismissal of Plaintiffs' claim for any damages available under this statute. *See* Tex. Ins. Code § 542.060.

## V. Conclusion and Recommendation

Having considered Safeco's motion, the response and reply thereto, the evidentiary record, and governing law, the undersigned recommends that Defendant Safeco Insurance Company of Indiana's Motion for Summary Judgment Regarding Extra-Contractual Claims, Extra-Contractual Damages, Treble Damages, and Exemplary Damages [#34] be **GRANTED**. The Court should grant Safeco summary judgment on Plaintiffs' extracontractual claims arising under Chapter 541 of the Texas Insurance Code, the DTPA, and the common law duty of good faith and fair dealing, as well as Plaintiffs' claims for extracontractual, treble, and exemplary damages. Remaining for trial are Plaintiffs' breach of contract claim and claim for a violation of Chapter 542 of the Texas Insurance Code (the Texas Prompt Payment of Claims Act).

## VI. Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are

limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 15th day of November, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE